# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | |
|---|---|
| ANITA E. BOIBEAUX<br>a/k/a Anita E. Jeffries )<br><br>Plaintiff, )<br><br>v. )<br><br>FORSYTH LAW OFFICES, PC )<br><br>Defendant. ) | Case No.:<br><br>**COMPLAINT AND DEMAND FOR**<br>**JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

ANITA E. BOIBEAUX, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FORSYTH LAW OFFICES, PC ("Defendant"):

### I.    INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. § 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3.    Defendant conducts business within the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

- 1 -

4.    Venue is proper pursuant to *28 U.S.C. § 1391(b)(1)*.

5.    Declaratory relief is available pursuant to *28 U.S.C. §§ 2201 and 2202*.

### III.    PARTIES

6.    Plaintiff is a natural person residing at 8 Christopher Arms, Pittsfield, Massachusetts 01201.

7.    Plaintiff is a "consumer" as that term is defined by *15 U.S.C. § 1692a(3)*.

8.    Defendant is a Massachusetts professional corporation and law firm engaged in the practice of consumer debt collection with a physical address of 2 McKenna Terrace, West Roxbury, Massachusetts 02132 and a mailing address of PO Box 320530, Boston, Massachusetts 02132-0009.

9.    Defendant is a debt collector as that term is defined by *15 U.S.C. § 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.    PRELIMINARY STATEMENT

11.    The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.    In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.    Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## V.   FACTUAL ALLEGATIONS

15.   Defendant and others it retained began in January 2010, constantly and continuously harassing Plaintiff in an attempt to collect an alleged debt.

16.   The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.   In or around January 2010, Defendant mailed a letter to Plaintiff that sought payment for a debt allegedly owed to "Norfolk Financial Corp." in the amount of $5,619.05, stating that this amount was owed by Deanna Boibeaux, Plaintiff's mother.

18.   Plaintiff's mother does not live with Plaintiff and does not receive mail at Plaintiff's home address.

19.   In or around January 2010, Plaintiff mailed a letter to Defendant requesting the Defendant to validate the alleged debt.

20.   Instead of Defendant fully complying with the validation request by Plaintiff, as required under the FDCPA §1692g, Defendant responded by sending Plaintiff a second letter a few months later restating the same information from their first letter in January 2010.

21.   On or about July 22, 2010, Defendant mailed a third letter to Plaintiff, restating the same information from their prior two letters.  They were seeking payment for a debt allegedly owed to "Norfolk Financial Corp." in the amount of $5,619.05, which Plaintiff disputes is owed.  See Plaintiff's Exhibit "A".

22.   In fact, all three letters sent by Defendant state that the alleged debt is owed by Deanna Boibeaux.

23.     Plaintiff never contracted with any company by the name of "Norfolk Financial Corp." or "Forsyth Law Offices, PC" or agreed to any obligation for a "Norfolk Financial Corp." or "Forsyth Law Offices, PC".

24.     On or about July 26, 2010, Plaintiff contacted the Defendant at (866) 288-1902, attempting to obtain further clarification about this alleged debt. The undersigned has confirmed that this number belongs to Defendant.

25.     Plaintiff spoke with a female representative who told her that the debt was for a MasterCard in her mother's name that was opened in 2000-2001. Defendant's representative told Plaintiff legal notice was sent on May 28, 2009 to Springside Nursing of Pittsfield located at 255 Lebanon Avenue in Pittsfield, Massachusetts, as that was the address they had listed for Plaintiff's mother. Plaintiff informed Defendant's representative that her mother was not a resident of the nursing home at that time. Defendant's representative then asked Plaintiff if Plaintiff intended to pay this debt, at which time Plaintiff stated that she was disputing the debt and ended the call.

26.     Plaintiff is not personally liable for her mother's financial obligations and has disputed owing this debt.

27.     Defendant failed to comply with Plaintiff's validation request, as required under the FDCPA §1692g.

28.     Defendant used false, misleading and deceptive means in connection with the collection of an alleged debt, when it sent Plaintiff three separate letters including the one from July 22, 2010, for a debt owed by Plaintiff's mother.

29.     Defendant failed to properly validate the alleged debt within 5 days after the initial letter in January 2010, by sending the Plaintiff written notice containing the amount of

debt, name of creditor, a statement that unless the Plaintiff within thirty days after receipt of the notice, disputes the validity of the debt that the debt will be assumed to be valid, that the debt collector will obtain verification of the debt or inform Plaintiff of her rights to request within thirty days, provide her with the name and address of the original creditor.

30.     Defendant used false, misleading and deceptive means when it sent the July 22, 2010 letter to Plaintiff stating that the letter was a "NOTICE OF JUDGMENT", threatening to take legal action if she did not pay the alleged debt.

31.     Plaintiff at all times has disputed owing this debt.

## VI.     CONSTRUCTION OF APPLICABLE LAW

32.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

33.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

34.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

35.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

       a.  When it used false, misleading and deceptive means in connection with the collection of an alleged debt, in violation of 15 U.S.C. §1692e;

       b.  When it falsely represented the character, amount or legal status of an alleged debt, in violation of 15 U.S.C. §1692e(2);

       c.  When it threatened to take any legal action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692e(5);

d.  When it used false, misleading and deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692e(10);

e.  When it used false, misleading and deceptive means during the initial communication when it failed to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. §1692e(11);

f.  When it used false, misleading and deceptive means by implying that documents are legal process, in violation of 15 U.S.C. §1692e(13);

g.  Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

h.  When it added fees, charges and expenses not expressly authorized by an agreement with Plaintiff, in violation of 15 U.S.C. §1692f(1);

i.  When it failed to validate the debt within 5 days after the communication sent to Plaintiff by sending written notice containing the amount of debt, name of creditor, etc., in violation of 15 U.S.C. §1692g(a) and (b); and

j.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

## VII.   JURY DEMAND

36.   PLEASE TAKE NOTICE that Plaintiff, ANITA E. BOIBEAUX, demands a jury trial in this case.

- 8 -

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANITA E. BOIBEAUX, by and through her attorneys, respectfully pray for judgment as follows:

    a.     All actual compensatory damages suffered pursuant to 15 U.S.C. §692k(a)(1);

    b.     Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.     Any other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

Dated:  11-24-10           KIMMEL & SILVERMAN, P.C..

By: _____
Craig Thor Kimmel, Esquire
BBO# 66292A
Kimmel & Silverman, PC
30 East Butler Pike
Ambler, PA 19002
(800) 536-6652 ext.148
kimmel@creditlaw.com